

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY L. HUNT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | C.A. NO. H-98-0042 |
| | § | JURY TRIAL DEMANDED |
| UNIVERSITY OF TEXAS | § | |
| M. D. ANDERSON CANCER | § | |
| CENTER | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Gregory L. Hunt ("Hunt") and complains of Defendant University of Texas M.D. Anderson Cancer Center ("M.D. Anderson"), and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for disability discrimination suffered by Hunt in the course of his employment with M.D. Anderson. Hunt demands a jury on all issues triable to a jury.

2. This action is brought under the Texas Commission on Human Rights Act, as codified in the Texas Labor Code 21.001, et seq., and pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Americans



With Disabilities Act, 42 U.S.C. § 12101 *et seq.,* and the common law of the State of Texas.

## II.
## PARTIES

3. Plaintiff Gregory L. Hunt, is a resident of Harris County, Texas, residing at 4002 Rosewin, Houston, Texas 77047.

4. Defendant University of Texas M.D. Anderson Cancer Center, is an educational institution, organized and existing under the laws of the State of Texas. Defendant maintains its headquarters at 1515 Holcombe, Houston, Texas 77030 and has been served and has appeared herein..

## III.

5. This court has subject matter jurisdiction over Plaintiff's claims brought pursuant to state law under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to filing this lawsuit have been met. At some time after September 4, 1997, Hunt received a Right to Sue letter from the U. S. Department of Justice entitling him to file an action in this Court for disability discrimination. The filing of this lawsuit has been accomplished within ninety (90) days of receipt of this Right to Sue letter.

## IV.
## DISABILITY DISCRIMINATION

7. Hunt is a male citizen of the United States, 36 years of age.

8. Hunt was hired to work by M.D. Anderson on February 8, 1993 as a Patient Escort-I. At all times, Hunt was qualified for the position that he held for M.D. Anderson

9. Plaintiff suffers from schizophrenia, a disability as defined by the Americans with Disabilities Act. On or about February 1, 1994, Hunt began a leave of absence to receive in-patient treatment for his disability.

10. On February 23, 1994, Hunt returned to work at M.D. Anderson and was placed on a back to work agreement by M.D. Anderson.

11. Although Hunt complied with the back to work agreement, M.D. Anderson ruled he had violated the back to work agreement at the same time his schizophrenia began to manifest itself in the form of paranoia.

12. On April 20, 1994, Hunt was terminated from his position with M.D. Anderson for violating his back to work agreement.

13. By subjecting Hunt to a back to work agreement, M. D. Anderson subjected Hunt to different terms and conditions of employment because of his condition. Further, M.D. Anderson refused to provide reasonable accommodation for Hunt's disability.

14. M.D. Anderson's differential treatment and refusal to make a reasonable accommodation, constitutes disability discrimination under Texas Commission on Human Rights Act, as codified in the Texas Labor Code 21.001, <u>et seq.</u> and pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*

15. As a result of M.D. Anderson's discriminatory actions, Hunt has suffered lost wages in the past, loss of future earning capacity, emotional pain and suffering and mental anguish, all of which were caused by M.D. Anderson's termination of Hunt, and, in all probability, Hunt will continue to suffer such damages in the future.

16. Plaintiff demands a jury on all issues triable to a jury.

WHEREFORE, Plaintiff Gregory L. Hunt respectfully prays upon final trial hereof, this Court grant him: appropriate backpay, including, but not limited to, his salary and benefits; compensatory and punitive damages as allowed by law; reasonable attorney's fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; prejudgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

AHMAD & ZAVITSANOS, P.C.

_____
Joseph Y. Ahmad
State Bar No. 00941100
3460 One Houston Center
1221 McKinney Street
Houston, Texas 77010-2009
Telephone: (713) 655-1101
Telecopier: (713) 655-0062

ATTORNEY FOR PLAINTIFF,
GREGORY L. HUNT

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 1998, I sent by first class mail, postage prepaid, a true and correct copy of the above and foregoing document to counsel as follows:

Geoffrey Amsel
Assistant Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548

_____
Joseph Y. Ahmad